## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JOE MORALES et al.,

       Plaintiffs,

v.                         CASE NO. 5:19cv254-RHMJF

AMERICAN STRATEGIC
INSURANCE CORP.,

       Defendant.

_____/

## ORDER OF DISMISSAL

A ruling was announced on the record of a hearing on February 19, 2020 granting the plaintiffs' motion to voluntarily dismiss this case without prejudice. This order confirms and adds to the ruling.

The case arises from Hurricane Michael. The plaintiffs seek to recover on a flood insurance policy written by the defendant write-your-own insurer under the National Flood Insurance Act. The issue on the merits is apparently straightforward: whether the plaintiffs' home sustained flood damage in excess of the amount already paid under a separate policy covering windstorm damage.

The defendant asserted 61 affirmative defenses, most of which are not affirmative defenses at all and in any event have nothing to do with this case.

Buried near the end of the defenses is the assertion that the plaintiffs cannot recover because they submitted their proof of loss after they filed this lawsuit. The Federal Emergency Management Association, under whose authority flood policies of this kind are written, extended the deadline for proofs of loss until 12 months after the hurricane. The plaintiffs met that deadline. But the defendant says this does not matter—that the proof of loss still had to be submitted before the lawsuit was filed. The defendant says it makes no difference that the timing of the submission of the proof of loss made no difference.

To avoid the possibility that a court will ultimately uphold this defense, the plaintiffs have moved to voluntarily dismiss this case without prejudice. They intend to refile the case. The new case will be filed after submission of the proof of loss, further weakening the defendant's purported timing defense. But the defendant says filing a new case won't matter—that having once filed suit too soon, the plaintiffs cannot recover, even in a new case. That will be an issue for the court in the new case.

The law of the circuit makes clear that the plaintiffs are entitled to dismiss the case without prejudice. And the law of the circuit makes clear that a district court has discretion to condition any such dismissal on payment of some or all of a defendant's costs, including attorney's fees.

In *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986), the district court granted the plaintiff's motion to voluntarily dismiss without prejudice, attaching no conditions, even though the case had been pending for more than a year and the defendant asserted it would suffer a tactical disadvantage if the plaintiff was allowed to dismiss and start over. The court did not explain its decision not to condition dismissal on the plaintiff's payment of all or part of the defendant's costs. The Eleventh Circuit upheld the dismissal but vacated the district court's order and remanded for an explanation of the decision not to award costs. The Eleventh Circuit's analysis is fully applicable here.

First, the Eleventh Circuit noted that "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.* at 856. But the court continued: "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id*. at 856-57 (emphasis in original). The court said "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* at 857 (citing *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967)).

On whether any dismissal should be conditioned on the award of costs, the Eleventh Circuit said:

A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees. *Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit.*

*McCants*, 781 F.2d at 860 (emphasis added) (citations omitted) (collecting authorities).

In *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001), the district court granted the plaintiff's motion to voluntarily dismiss without prejudice even though a defense summary-judgment motion was pending and dismissal would deprive the defendant of a favorable procedural ruling. But the district court imposed a condition: the plaintiff would be required to pay the defendant's costs if the plaintiff refiled the action. *See id.* at 1256 & n.2. Citing *McCants* and other authorities, the Eleventh Circuit affirmed, upholding both the dismissal and the award of costs.

As these cases recognize, the prospect of having to defend another action, even on precisely the same claim, is not, without more, "clear legal prejudice." This is so even when a summary-judgment motion is pending or trial is imminent.

And this is so even when the defendant has obtained a tactical advantage that will not be available in a new action.

As these cases also recognize, a district court has discretion to award costs, including attorney's fees. The court ordinarily should do so, at least to the extent of fees incurred for work that will not be useful in the defense of an anticipated new case. Here, though, I choose, as a matter of discretion, not to award costs.

At least four considerations support the decision.

First, all the defendant's work on this case will be as useful in defense of any new case as it was in defense of this one. So an award of fees for work that will not be useful in a new case—an approach explicitly suggested in *McCants*—means an award of no fees at all. Even the hearing on the motion to voluntarily dismiss included an airing of issues that will be useful in a new case.

Second, the defendant readily acknowledged at the hearing that the defendant could have raised the timing issue at the outset of the litigation but chose not to. Had the defendant raised the issue at the outset, the case would have been voluntarily dismissed at that time. Fees incurred in this case from that point forward were the result of the defendant's decision to prolong the case rather than to get the cards on the table at the outset. And as set out above, those fees would have been incurred in a new case anyway.

Third, the defendant made this case more expensive than it should have been by asserting 61 affirmative defenses. Had the defendant asserted only relevant, colorable defenses, the timing defense probably would have been highlighted and addressed sooner. For this reason, too, the continued litigation of this case is attributable to the defendant, not the plaintiffs.

Fourth, mentioned at the hearing was the issue of whether FEMA's extension of the deadline to submit a proof of loss made the plaintiffs' proof of loss timely. The defendant asserted it did not. Asked why the defendant did not simply waive the defense, thus reducing the cost that both sides now will incur through the dismissal and refiling of the plaintiffs' claims, the defendant said only FEMA has authority to waive the requirement to submit a proof of loss before filing a lawsuit. Asked why the defendant had not raised this issue with FEMA, the defendant had no answer. FEMA and the defendant can stand on whatever technical defenses they have—and they may win the case based on such a defense. But if they choose to delay consideration of the technical defense and in the process increase the cost of the litigation, they should not ask the plaintiffs to pay the additional cost.

For these reasons,

IT IS ORDERED:

1. The motion to voluntarily dismiss without prejudice, ECF No. 21, is granted.

2. The clerk must enter judgment stating, "The plaintiffs' claims are voluntarily dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(2)."

3. The clerk must close the file.

SO ORDERED on February 19, 2020.

s/Robert L. Hinkle
United States District Judge